ANDERSON v WIEGAND

Docket No. 193018. Submitted December 18, 1996, at Detroit. Decided May 16, 1997, at 9:30 A.M.

Constance and Robert Anderson brought an action in the Wayne Circuit Court against Daniel and Kathleen Wiegand, Jim Saros Agency, Inc., and Jim Koukios, seeking damages for injuries received by Mrs. Anderson when she slipped and fell on a patch of ice on a walkway leading to the Wiegands' house. The accident occurred while Mrs. Anderson was attending an open house conducted by Koukios, a real estate agent employed by the Saros Agency, in an attempt to sell the Wiegands' house. Mr. Wiegand had removed snow from the walkway the day before the open house and the Wiegands then went to visit relatives. The Wiegands left a key to the house with Koukios, who had requested that they not be home during the open house. There was no new precipitation from the time that Mr. Wiegand cleared the snow till the accident occurred; however, melted snow apparently froze on the walkway. The court, Deborah A. Thomas, J., granted summary disposition for the defendants. The plaintiffs appealed.

The Court of Appeals *held*:

Summary disposition was proper for the Wiegands but should not have been granted for the Saros Agency and Koukios.

1. The Wiegands took reasonable measures within a reasonable time after the accumulation of snow to diminish the hazard of injury to Mrs. Anderson, an invitee. The Wiegands then ceded possession of the premises to the realtor, a responsible individual, for purposes of conducting the open house. The realtor was an independent contractor. An employer of an independent contractor generally is not liable for the independent contractor's negligence. Here, the Wiegands may not be held liable for the alleged negligence of their agent.

2. There was a genuine issue of material fact regarding whether the realtor defendants, the invitors, took reasonable steps within a reasonable time after the forces of nature reasserted themselves and melted snow began freezing as ice on the walkway. The jury must decide whether with reasonable care Koukios could have discovered the dangerous condition.

Affirmed in part and reversed in part.

1. NEGLIGENCE — POSSESSORS OF LAND — INVITEES — SNOW AND ICE.

  A possessor of land has a duty to exercise reasonable care for the protection of an invitee but is not an absolute insurer of the safety of an invitee; a possessor of land must take reasonable measures within a reasonable period after an accumulation of snow and ice to diminish the hazard of injury to an invitee.

2. NEGLIGENCE — BUSINESS INVITEES — SNOW AND ICE.

  Invitors are liable for conditions on their premises that might be dangerous to invitees and might be discovered with reasonable care; an invitor must take reasonable measures within a reasonable time after an accumulation of ice and snow to diminish the hazard of injury to an invitee; this duty of care generally is owed by both the invitor who solicits business and the possessor of the premises; this duty exists not only after an initial accumulation of ice and snow but also when the forces of nature reassert themselves and produce hazards from ice and snow.

3. NEGLIGENCE — PREMISES LIABILITY — LOANING POSSESSORY RIGHTS.

  Premises liability is conditional upon the presence of both possession and control over the land because a person in possession is in a position of control and normally best able to prevent harm to others; possessory rights can be loaned to another, thereby conferring the duty to make the premises safe while simultaneously absolving oneself of responsibility.

4. NEGLIGENCE — MASTER AND SERVANT — INDEPENDENT CONTRACTORS.

  The employer of an independent contractor generally is not liable for the contractor's negligence.

*Charfoos & Christensen, P.C.* (by *David R. Parker* and *Jody L. Aaron*), for the plaintiffs.

*Law Offices of Natinsky & Martin* (by *Ronald Y. Gutman*) (*Plunkett & Cooney, P.C.*, by *Robert G. Kamenec*, of Counsel), for Jim Saros Agency, Inc., and Jim Koukios.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for Daniel and Kathleen Wiegand.

Before: TAYLOR, P.J., and HOOD and R. D. GOTHAM*, JJ.

TAYLOR, P.J. Plaintiffs appeal as of right from an order granting defendants summary disposition in this slip and fall case. We affirm in part and reverse in part.

On Friday, January 6, 1995, several inches of snow fell near the home of Daniel and Kathleen Wiegand in Grosse Pointe. On Saturday morning Mr. Wiegand used a snowblower and a shovel to remove the snow from the driveway and a walkway that led from the driveway to the front door of the house, clearing these areas to their bare concrete surfaces. Mr. Wiegand could not recall if he applied salt. After completing the snow removal, the Wiegands (homeowners) went to visit a relative in Ohio. The Wiegands had signed a listing agreement with Jim Saros Agency, Inc., a real estate agency, to sell their house. On Sunday, January 8, 1995, Jim Koukios, a licensed real estate agent employed by the Saros Agency, posted signs in the neighborhood advertising an open house at the homeowners' residence before arriving at the home around 1:45 P.M. The homeowners had left a key to their house with Koukios, who had requested that they not be home during the open house. Although the sun was shining, it was a cold afternoon. The driveway and walkway were completely cleared of snow and there had been no new precipitation. Soon after the open house began, plaintiff Constance Anderson parked her car in front of the house and walked up the driveway. As Mrs. Anderson stepped off the driveway onto the walkway leading to the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

house, she took one step, slipped, and fell. Before
Mrs. Anderson fell, Koukios had not noticed any
patches of ice. Mrs. Anderson also did not see any ice
before she fell. Nevertheless, it was discovered that
she had slipped on a patch of ice. Mrs. Anderson tes-
tified that the patch of ice covered the width of the
walkway although she was not sure how long the
patch was. Koukios indicated he saw a patch of ice
about one foot by a foot and a half upon coming to
Mrs. Anderson's assistance. Koukios said he did not
see any salt near the area where Mrs. Anderson fell.
One witness indicated that the weather conditions
were such that snow, melted by the sun, may have
been refreezing in shadowed areas.

Plaintiffs filed a lawsuit seeking compensation for
injuries Mrs. Anderson sustained as a result of her
fall. Answers were filed by the defendants, although
no cross-claims were filed. After several depositions
had been taken, the homeowners filed a motion for
summary disposition. The homeowners argued that
on the day of the open house they were not home and
that the clear and bright weather conditions caused
accumulated snow to melt. The homeowners further
argued that they owed Mrs. Anderson no duty
because she was injured on ice that formed from the
melting and thawing of a natural accumulation of ice
and snow. The realtor defendants filed a one-sentence
concurrence with the homeowners' motion.[1] Plaintiffs
opposed the motions, arguing that the reasonableness
of the defendants' actions was a question for the jury
to decide. Plaintiffs argued that the homeowners

---

[1] We assume defendants did not argue the danger was open and obvi-
ous because no one had seen the ice before Mrs. Anderson fell.

could be liable because they had left on a trip without salting or making further provisions for clearing the walks before the open house that was held for their benefit and with their knowledge. Plaintiffs further argued that the homeowners could be vicariously liable for the actions of the real estate agent, Koukios, because a principal is responsible for the negligence of its agent. The trial court granted the defendants summary disposition, reasoning that because the sidewalk had been cleared of snow the day before and there had been no new snow, defendants' conduct had been reasonable as a matter of law. The court explained that the law does not require a person to go back and reexamine the sidewalk on an hourly basis to determine if refreezing has occurred. The court also held that the agency relationship between the parties did not involve maintenance of the property and that the agent was not required to do snow shoveling or anything of that nature.

Because the trial court relied on information beyond the pleadings, we consider the motion to have been granted pursuant to MCR 2.116(C)(10). A motion brought under this rule tests the factual sufficiency of a claim. We must give the benefit of reasonable doubt to, and make all reasonable inferences in favor of, the nonmoving party in determining whether a genuine issue of material fact exists. *Skinner v Square D Co*, 445 Mich 153, 161-162; 516 NW2d 475 (1994).

There is no dispute that Mrs. Anderson was an invitee. A possessor of land has a duty to exercise reasonable care for the protection of an invitee. *Schuster v Sallay*, 181 Mich App 558, 565; 450 NW2d 81 (1989); SJI2d 19.03. Further, it is the duty of a possessor of land to take reasonable measures within a reasonable

period after an accumulation of snow and ice to diminish the hazard of injury to an invitee. *Quinlivan v Great Atlantic & Pacific Tea Co, Inc*, 395 Mich 244, 261; 235 NW2d 732 (1975); SJI2d 19.05. However, the possessor of land is not an absolute insurer of the safety of an invitee. *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495, 500; 418 NW2d 381 (1988). Further, the existence of a legal duty is a question of law for the court to decide. *Trager v Thor*, 445 Mich 95; 516 NW2d 69 (1994).

Plaintiffs argue that whether defendants breached the duties they owed was a question for the factfinder. Plaintiffs note that they are not arguing that a continuing duty to reinspect exists. Rather, plaintiffs argue that defendants, knowing a specific time when a business event was to be held, were under a duty to take reasonable steps to make the entry sidewalk to that event as safe as possible, including the spreading of salt or sand where the danger of melting and refreezing of ice on the surface, a well-known phenomenon, was reasonably foreseeable. Mrs. Anderson further argues that just because she did not see the ice before she fell on it does not mean that the ice was not apparent or visible to anyone, e.g., someone whose duty is to keep the sidewalk clear. Plaintiffs contend that it is for the jury to decide whether defendants' failure to take action immediately before the scheduled open house was reasonable. Upon review de novo, *Groncki v Detroit Edison Co*, 453 Mich 644, 649; 557 NW2d 289 (1996), we find that summary disposition was properly granted to the homeowners but improperly granted to the realtor defendants.

In *Quinlivan, supra,* the Supreme Court overruled the natural accumulation rule[2] in the invitor-invitee context. The Court held that an invitor has a duty to exercise reasonable care to diminish the hazards of ice and snow accumulation. This duty requires an invitor to take reasonable measures within a reasonable time after an accumulation of ice and snow to diminish the hazard of injury to the invitee. *Quinlivan, supra* at 261. Generally, this duty of care is owed by both the invitor who solicits business and the possessor of the premises. *Merritt v Nickelson,* 407 Mich 544, 551; 287 NW2d 178 (1980). Invitors are liable for dangerous conditions that might be discovered with reasonable care. *Id.* However, premises liability is conditioned upon the presence of both possession and control over the land because the person in possession is in a position of control and normally best able to prevent any harm to others. *Id.* at 552. Possessory rights can be "loaned" to another, thereby conferring the duty to make the premises safe while

---

[2] As stated in *Morrow v Boldt,* 203 Mich App 324, 327-328; 512 NW2d 83 (1994):

The natural accumulation doctrine provides that neither a municipality nor a landowner has an obligation to a licensee to remove the natural accumulation of ice or snow from any location, except where the municipality or property owner, by taking affirmative action, has increased the travel hazard to the public. The natural accumulation doctrine does not apply to situations involving an invitee injured on private property. A landowner's obligation to an invitee is to take reasonable measures within a reasonable time after the accumulation of snow to diminish the hazard of injury. However, a landowner has no duty even to an invitee to clear natural accumulations of ice or snow from public sidewalks abutting his property. A panel of this Court has extended that rule to driveway approaches as well. [Citations omitted.]

simultaneously absolving oneself of responsibility. *Id.* at 553.

Here, the homeowners took reasonable measures within a reasonable time after the accumulation of snow to diminish the hazard of injury to Mrs. Anderson. The homeowners then ceded possession of the premises to the realtor, a responsible individual, for the purposes of conducting the open house as is common in the real estate industry. The realtor was an independent contractor operating pursuant to a contract with the homeowners. Pursuant to the general rule that an employer of an independent contractor is not liable for the contractor's negligence, *Phillips v Mazda Motor Mfg (USA) Corp,* 204 Mich App 401, 405-406; 516 NW2d 502 (1994), we find that the homeowners were not liable for any negligence of the real estate agent. Because the homeowners effectively ceded possession and control of the premises, albeit for a brief time, to the real estate agency, the law is satisfied to look to the party actually in control for liability for injuries to third parties. *Merritt, supra* at 554. Thus, under the facts of this case, the homeowners may not be held liable for the alleged negligence of their agent. *Merritt, supra; Phillips, supra.* We therefore affirm the order granting summary disposition to the homeowners, although on different grounds than those articulated by the trial court.

As explained below, the trial court erred in granting summary disposition to the realtor defendants. The realtor defendants argue that they were entitled to summary disposition because the driveway and sidewalk had been cleared the day before the open house, there had been no new precipitation, the weather was clear at the time of the fall, and the ice was not

apparent. The realtor defendants cite *Zielinski v Szokola*, 167 Mich App 611, 621; 423 NW2d 289 (1988), where the Court stated that liability should not attach merely because the powerful forces of nature reassert themselves, and *Gresko v Southland Joint Venture*, 859 F Supp 1089, 1094 (ED Mich, 1994), where the court stated:

> Because the forces of nature reasserted themselves and may have caused the plowed snow to melt and refreeze does not merit attachment of liability.
>
> *     *     *
>
> . . . [D]efendants cannot be held liable merely because the powerful forces of nature reassert themselves and a cleared surface refreezes.

We distinguish *Zielinski* because the plaintiff in that case was a licensee and not an invitee. Indeed, *Zielinski* recognized that landowners owe a higher duty to invitees than licensees. *Zielinski, supra* at 618. We also find that the cited language from *Gresko* is not an accurate statement of law vis-à-vis invitees because we find it is inconsistent with *Quinlivan.*

When a snowfall occurs, the forces of nature are asserting themselves. *Quinlivan* requires an invitor to take reasonable steps within a reasonable time to diminish the hazard of injury after an accumulation of ice and snow. *Quinlivan, supra* at 261. *Quinlivan* does not say that this duty only exists after an initial accumulation of ice and snow. The thrust of the holding of *Quinlivan* gives no logical reason for concluding that an invitor's duty is less when the forces of nature reassert themselves than when they are initially asserted. During the winter months, the forces of nature assert and reassert themselves on a regular

basis producing hazards from ice and snow. Under *Quinlivan,* an invitor must take reasonable steps within a reasonable time to diminish these hazards to invitees.

There is a genuine issue of material fact regarding whether the realtor defendants took reasonable steps within a reasonable time after the forces of nature reasserted themselves and melted snow began freezing as ice on the sidewalk where Mrs. Anderson fell. There is no testimony in this record that Koukios examined the sidewalk to determine whether salt or sand might be needed immediately before the open house was to begin. Given the fact that invitors may be liable for dangerous conditions that might be discovered with reasonable care, *Merritt, supra,* it is for the jury to decide whether Koukios' lack of action immediately before the scheduled open house was reasonable.

Affirmed in part and reversed in part. Plaintiffs, being the prevailing party, may tax costs against the realtor defendants pursuant to MCR 7.219. Defendants Wiegand, being the prevailing party, may tax costs pursuant to MCR 7.219.