851 So.2d 785 (2003)
Dotty SMITH and Ray Smith, Appellants,
v.
Robert G. MAYES, Jr., Appellee.
No. 1D02-2918.
District Court of Appeal of Florida, First District.
July 17, 2003.
Rehearing Denied August 14, 2003.
*786 Timothy M. O'Brien and Troy A. Rafferty of Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, P.A., Pensacola, for Appellants.
Mark J. Upton of Daniell, Upton, Perry & Morris, P.C., Daphne, Alabama; and John S. Penton, Jr., Esquire, Pensacola, for Appellee.
ERVIN, J.
This is an appeal from a final summary judgment entered in an action for personal injuries against appellee, Robert Mayes, Jr. The trial court found that appellants, Dotty and Ray Smith, could not recover damages from Mayes for physical injury caused by the alleged negligent act of Mayes's real estate agent, Christian Wendolek, which occurred when Wendolek was showing the property to appellants for the purpose of sale. In the court's judgment, Wendolek was an independent contractor and thus Mayes was not vicariously liable for Wendolek's negligence. We affirm.
In arguing that the court erred in entering judgment against them, because the issue of vicarious responsibility raised questions of material fact, appellants rely on cases reciting the rule that a real estate broker serves as an agent for the principal  the homeowner  for the purpose of selling the home. See Bradley v. Waldrop, 611 So.2d 31 (Fla. 1st DCA 1992); Outlaw v. McMichael, 397 So.2d 1009 (Fla. 1st DCA 1981). Although we agree that Wendolek acted as the agent of Mayes for the purpose of the sale of his home, the agency relationship could not be extended to include physical tortious conduct by Wendolek. *787 The cases appellants cite do not involve such conduct, but rather the liability of an owner resulting from a realtor's misrepresentation or breach of contract relating to the property sought to be sold, under the theory that the agent was given the implied authority to so act on behalf of the owner or seller. Because no Florida cases have been brought to our attention regarding the precise issue appealed, we have consulted other authority for its resolution.
The Restatement (Second) of Agency § 1, Comment e (2003), states that an agent who is employed by a principal and whose physical conduct in the performance of the service is subject to the right of control by the principal is called a "servant," while an agent who is not subject to the principal's right of control with regard to his or her physical conduct is considered an "independent contractor." Real estate brokers are included in the latter category. The liability that attaches to each type of agent is further amplified in the following comment:
The word "servant" is used in contrast with "independent contractor." The latter term includes all persons who contract to do something for another but who are not servants in doing the work undertaken. An agent who is not a servant is, therefore, an independent contractor when he contracts to act on account of the principal. Thus, a broker who contracts to sell goods for his principal is an independent contractor as distinguished from a servant. Although, under some circumstances, the principal is bound by the broker's unauthorized contracts and representations, the principal is not liable to third persons for tangible harm resulting from his unauthorized physical conduct within the scope of the employment, as the principal would be for similar conduct by a servant; nor does the principal have the duties or immunities of a master towards the broker.... The word "servant" is thus used to distinguish a group of persons for whose physical conduct the master is responsible to third persons.... [T]he term "independent contractor" is used to indicate all persons for whose conduct, aside from their use of words, the employer is not responsible except in the performance of nondelegable duties.
Id. at § 2, Comment b.
A case illustrating the application of the limited authority extended a real estate broker by a homeowner is Anderson v. Wiegand, 223 Mich.App. 549, 567 N.W.2d 452 (1997), a slip-and-fall case. In Wiegand, although the homeowners had cleared snow from their driveway and sidewalk two days before an open house, a potential buyer was injured when she fell on the icy walkway on the premises. The Michigan appellate court affirmed the trial court's summary judgment for the homeowners, concluding that the realtor was an independent contractor for the sellers who were not liable for the realtor's alleged negligence for failing to inspect the premises before the open house.
Appellants alternatively argue that even if Wendolek may be considered an independent contractor, Mayes's duty to maintain the premises in a reasonably safe condition was non-delegable and he could therefore still be liable for the breach which resulted in injury to Dotty Smith, a business invitee. They continue that while a person may hire an independent contractor to perform a non-delegable duty owed to third parties, such person escapes vicarious responsibility only if the duty is properly performed. See Goldin v. Lipkind, 49 So.2d 539 (Fla.1950); Mortgage Guar. Ins. Corp. v. Stewart, 427 So.2d 776 (Fla. 3d DCA 1983).
*788 We agree that Mayes did have a non-delegable duty to use reasonable care in maintaining his premises in a reasonably safe condition, and to give invitees warning of any latent and concealed perils on the premises. Nevertheless, appellants did not present any evidence that the premises were unsafe. The purported negligence lay in Wendolek's act of opening the garage door to the home only partially, contrary to Dotty Smith's expectation that the door was fully raised, which caused her to hit her head on the door.
AFFIRMED.
WOLF, C.J., and BENTON, JJ., concur.