# STATE OF MICHIGAN

# COURT OF APPEALS

MARIA T. VIRAMONTEZ,

        Plaintiff-Appellant,

v

SOUTHWEST COUNSELING SOLUTIONS,
INC., MARTIN GARDENS LIMITED
DIVIDEND HOUSING ASSOCIATIONS
LIMITED PARTNERSHIP, SOUTHWEST
SOLUTIONS, INC., SOUTHWEST HOUSING
SOLUTIONS CORPORATION, a/k/a
SOUTHWEST NONPROFIT HOUSING
CORPORATION,

        Defendants-Appellees.

UNPUBLISHED
September 15, 2015

No. 320380
Wayne Circuit Court
LC No. 13-004764-NO

---

MARIA T. VIRAMONTEZ,

        Plaintiff-Appellant,

v

SOUTHWEST COUNSELING SOLUTIONS,
INC.,

        Defendant-Appellee.

No. 320602
Wayne Circuit Court
LC No. 12-007633-NO

---

Before: MURPHY, P.J., and STEPHENS and GADOLA, JJ.

PER CURIAM.

-1-

In Docket Nos. 320602 and 320380, plaintiff appeals as of right the trial court's order granting defendants summary disposition in this negligence action. We consolidated the two appeals.[1] We now affirm in Docket Nos. 320602 and 320380.

## I. BACKGROUND

Plaintiff was injured while taking a shower on the morning of April 11, 2010. According to plaintiff she followed her usual routine turning the tub-shower combination valve to the hot position and then gradually rotating it toward the cold position until she found a comfortable water temperature. On the morning of her injury, while shampooing her hair, plaintiff claimed that she felt a "tap" on her right temple and lost consciousness. When plaintiff regained consciousness, she could feel very hot water on the right side of her body. She struggled to turn the faucet valve off and was able to do so right before she lost consciousness a second time. Plaintiff did not know for how long she was unconscious during either period. A neighbor came to plaintiff's aid and emergency services were called. Plaintiff sustained multiple burns to the right side of her body. Plaintiff blames defendants for the burns she suffered while she was unconscious.

## II. STANDARD OF REVIEW

The trial court granted summary disposition to all defendants under MCR 2.116(C)(10). We review de novo a trial court's decision to grant a motion for summary disposition. *Young v Sellers,* 254 Mich App 447, 449; 657 NW2d 555 (2002). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood,* 461 Mich 109, 120; 597 NW2d 817 (1999). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Id.* at 120. Summary disposition under MCR 2.116(C)(10) is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." A genuine issue of material fact exists "when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP,* 481 Mich 419, 425; 751 NW2d 8 (2008).

## III. STATUTORY NEGLIGENCE CLAIMS

Plaintiff first argues that defendants violated their statutory duties under MCL 554.139. We disagree.

"A duty of care may arise from a statute, a contractual relationship, or by operation of the common law, which imposes an obligation to use due care or to act so as not to unreasonably endanger other persons or their property." *Cummins v Robinson Twp,* 283 Mich App 677, 692;

---

[1] *Viramontez v Southwest Housing Solutions Inc*; *Viramontez v Southwest Counseling Solutions Inc*, unpublished order of the Court of Appeals, entered March 6, 2014, (Docket Nos. 320602, 320380).

770 NW2d 421 (2009). Here, plaintiff argues that defendants' duties arose by statute MCL 554.139.

MCL 554.139 provides:

(1) In every lease or license of residential premises, the lessor or licensor covenants:

(a) That the premises and all common areas are fit for the use intended by the parties.

(b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants willful or irresponsible conduct or lack of conduct.

(2) The parties to the lease or license may modify the obligations imposed by this section where the lease or license has a current term of at least 1 year.

(3) The provisions of this section shall be liberally construed, and the privilege of a prospective lessee or licensee to inspect the premises before concluding a lease or license shall not defeat his right to have the benefit of the covenants established herein.

"The statutory protection under MCL 554.139(1) arises from the existence of a residential lease and consequently becomes a statutorily mandated term of such lease." *Allison*, 481 Mich at 425.

Plaintiff argues under MCL 554.139(1)(a), that defendants failed to keep the entire hot water delivery system for her apartment fit for its intended use. Plaintiff states that the intended use for her hot water delivery system was to provide water suitable for bathing. She contends that because the water that came out of her faucet was dangerously hot, it was unfit for bathing.

One of plaintiff's theories is that her water exceeded an acceptable temperature for water in contact with unprotected skin. The only direct evidence as to what that temperature was indicated that water at 120 degrees was unfit for skin exposure. Her expert, Roger E. Salisbury, specifically opined that a "tear drop perimeter burn pattern is indicative of high temperature short duration exposure," however, Salisbury never directly testified as to what was meant by a "high temperature." The opinion of plaintiff's other expert, Samuel E. Wineman, was that plaintiff's burns were caused by exposure to water that exceeded 110°, being delivered at a maximum flow, for less than ten minutes, but he also acknowledged that plaintiff could suffer the same burns from water at 110° if exposure exceeded ten minutes. In either case, 110 degrees was not demonstrated to be a temperature violative of an ordinance, statute, code or standard of care.

Plaintiff also argues under MCL 554.139(1)(b) that defendants did not comply with state health and safety laws by failing to conduct an annual inspection. Specifically, that defendant 1) did not follow the 2009 International Plumbing code, adopted by Michigan at Mich. Admin. Rule 408.30701, to supply plaintiff's apartment with tempered water; 2) did not annually inspect the water temperature; and 3) did not calibrate the shower valve's rotational limit stop.

Plaintiff's apartment was rehabilitated in 2005 and her injuries occurred in 2010. Plaintiff does not offer any authority for her reliance on the 2009 version of the code. Outside of the inapplicable 2009 plumbing code, plaintiff provides no source for defendants' obligation to check the temperature of water being delivered to her apartment or to employ the shower valve's rotational limit stop.

Summary disposition of plaintiff's statutory negligence claims by the trial court was proper where plaintiff failed to show the hot water delivery system for her apartment was unfit for its intended use and where plaintiff failed to provide the court with the applicable plumbing code to establish defendants' duty and breach.

IV. COMMON LAW NEGLIGENCE CLAIMS

Plaintiff next argues, under a premises liability theory, that defendants breached their common law duty to use ordinary care in the set-up and maintenance of plaintiff's hot water system. Again, we disagree.

Plaintiff must prove the same elements under a premises liability theory as she would for a common negligence action. To establish a prima facie case of premises liability, "a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props Inc,* 270 Mich App 437, 440; 715 NW2d 335 (2006) (premises liability); *Latham v Nat'l Car Rental Sys, Inc,* 239 Mich App 330, 340; 608 NW2d 66 (2000) (negligence). "[T]he existence of a legal duty is a question of law for the court to decide." *Anderson v Wiegand,* 223 Mich App 549, 554; 567 NW2d 452 (1997). "[A] landowner's duty to a visitor depends on that visitor's status." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). Neither party disputes that plaintiff here was an invitee. "A person invited on the land for the owner's commercial purposes or pecuniary gain is an invitee, and a tenant is an invitee of the landlord." *Benton v Dart Properties, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp., Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). "[N]o duty [may] be imposed when the harm is not foreseeable." *Hill v Sears, Roebuck and Co*, 492 Mich 651, 661; 822 NW2d 190, 196 (2012). "The possessor of land owes no duty to protect or warn of dangers that are open and obvious because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable precautions to avoid." *Hoffner v Lanctoe,* 492 Mich 450, 460–461; 821 NW2d 88 (2012) (internal quotation marks omitted).

As noted above, plaintiff has failed to demonstrate a defect in the water system due to unsafe temperature. Additionally, we agree with the trial court in this instance that defendants did not owe plaintiff a duty because "it would not be foreseeable that an individual would faint, release a tub valve, increase the temperature to the maximum heat and remain unconscious." Plaintiff attempts to defeat the absence of proofs on foreseeability by imputing knowledge of her medical condition to defendants because she resided in a disability apartment. That argument is without any merit. Plaintiff testified that she did not ask for a disability apartment and offers no evidence that either her diabetic condition which was known to her, or the unknown cause of her

-4-

loss of consciousness on the day of the incident were communicated to defendants. Plaintiff next argues that the landlord had special knowledge of the danger. She does this based upon warning labels in a mechanical room to which she had no access. Assuming that the landlord knew that the system was capable of heat surges, this danger was known to the plaintiff. Plaintiff has acknowledged that the temperature in the shower had reached unacceptable heat on many occasions and that she simply turned it down, thus making the "danger" both known and avoidable but for her unfortunate medical crises. Defendants have no duty to protect plaintiff from dangers that are open and obvious. *Hoffner*, 492 Mich at 460-461.

Affirmed.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola