*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHARON SMITH,

      Plaintiff-Appellant,

v

STARBOARD GROUP OF GREAT LAKES, LLC,

      Defendant-Appellee.

UNPUBLISHED
June 25, 2019

No. 344835
Wayne Circuit Court
LC No. 16-013829-NO

Before: CAMERON, P.J., and MARKEY and BORRELLO, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting summary disposition to defendant in this premises liability action. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

On February 15, 2016, plaintiff was meeting her boyfriend, Greg Reynolds, at a Wendy's restaurant after leaving a yoga class. During his deposition, Reynolds stated that it was "a typical February day" as it was cold and below freezing. However, plaintiff did not remember the weather conditions. Plaintiff was wearing yoga pants, a t-shirt, gloves, and flip flops and could not recall if she had on a jacket at the time of the incident or if she had on a coat that morning.

Plaintiff arrived at Wendy's at 6:30 p.m. When plaintiff drove into the parking lot, it appeared to be plowed and free of snow, however plaintiff could not remember if there were salt on the ground. Reynolds testified that did not see snow, ice, or salt in the parking lot.

Reynolds met plaintiff at her car when she arrived. As plaintiff and Reynolds walked toward the Wendy's entrance, plaintiff slipped and fell on some ice in a handicap parking spot. Plaintiff testified: "My right leg went out from under me just like I was on ice. It was an uncontrollable fall, and I landed right on my right kneecap." Reynolds testified that he could not see the ice from a standing position, but could see a "glaze" of black ice once he got lower to help plaintiff. As a result of the slip and fall, plaintiff fractured her right patella, and had three knee surgeries.

On March 28, 2017, plaintiff filed an amended complaint against both David J. Stanton & Associates, Inc., and Starboard Group of Great Lakes, LLC, alleging that she slipped and fell on black ice at their Wendy's restaurant on February 15, 2016. Plaintiff claimed that she was a business invitee "when she slipped and fell on an unnatural accumulation of black ice" that was not visible upon casual inspection while walking into Wendy's.

On July 11, 2017, defendant filed an answer to plaintiff's first amended complaint denying some allegations as untrue, and filed its affirmative defenses, (1) failure to state a claim upon which relief can be granted, (2) comparative negligence, (3) defendant was not in possession and control of the premises, (4) lack of negligence, (5) the open and obvious doctrine, (6) plaintiff was not a business invitee, and (7) defendant lacked actual and constructive knowledge of the alleged dangerous condition on the premises. Then, on April 10, 2018, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10) seeking dismissal of plaintiff's amended complaint because there was no question of fact that defendant lacked notice of the alleged hazard, or, alternatively, that the hazard was open and obvious. In response, plaintiff submitted an affidavit from her meteorological expert, Paul Gross, which stated the black ice formed in the parking lot about six hours before plaintiff's fall due to weather conditions in the area. Plaintiff argued that the black ice could not be considered open and obvious because there was no evidence that anyone could see the black ice upon casual inspection.

The trial court held a hearing on the motion for summary disposition and granted the motion, stating in part:

> …[O]ur Supreme Court has explained that black ice conditions are open and obvious when there are indicia of a potentially hazardous condition including the specific weather conditions present at the time of the Plaintiff's fall.
>
> This is pursuant to *Janson v Sajewski Funeral Home*, [*Inc*,] 486 Mich 934, [934-935; 782 NW2d 201 (2010)].
>
> In *Janson* the Supreme Court found that the black ice that the plaintiff slipped on in the parking lot was open and obvious.
>
> As in *Janson* this slip and fall occurred in the parking lot during a Michigan winter here on February 15, 2016.
>
> Further weather records attached as Exhibit 2 to Defendant's motion show temperatures in Metropolitan Detroit on that day ranged from 18 to 29 degrees Fahrenheit with the months [sic] low at 2 degrees on February 14, 2016 just the day before.
>
> Even Paragraph 8 of Plaintiff's expert meteorologist affidavit attached as Exhibit 4 in response to Defendant's motion concedes that temperatures remained below freezing on the date in question.

As in *Janson* these wintery conditions by their nature would've alerted an average user of ordinary intelligence to discovery the danger upon casual inspection.

Moreover the alleged condition did not have any special aspect; it was avoidable and not unreasonably dangerous.

Accordingly Defendant's Motion for Summary Disposition is granted, no costs, fees or penalties are assessed.

The trial court then entered an order of dismissal consistent with its findings. Following denial of plaintiff's motion for reconsideration, this appeal ensued.

II. ANALYSIS

In her appeal, plaintiff argues that the trial court erred in granting defendant's motion for summary disposition because there is a question of fact regarding whether the black ice was open and obvious, and whether defendant knew or should have known of the black ice.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(10). This Court reviews a trial court's determination of a motion for summary disposition de novo. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). "Under MCR 2.116(C)(10), the motion tests the factual adequacy of a complaint on the basis of the entire record, including affidavits, depositions, admissions, or other documentary evidence." *Id*. The trial court examines the evidence in the light most favorable to the nonmoving party. *Id*. Summary disposition is appropriate if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). There is a genuine issue of material fact "when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Gorman*, 302 Mich App at 116.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; (3) the breach was the proximate cause of the plaintiff's injury; and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). However, a "possessor of land is not an absolute insurer of the safety of an invitee." *Anderson v Wiegand*, 223 Mich App 549, 554; 567 NW2d 452 (1997). "Absent special aspects, this duty generally does not require the owner to protect an invitee from open and obvious dangers." *Benton*, 270 Mich App at 440-441. The standard for determining if a condition is open and obvious is whether "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney v Burger King Corp*, 198 Mich App 470, 474-475; 499 NW2d 379 (1993).

In *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 483; 760 NW2d 287 (2008), this Court addressed the application of the open and obvious doctrine to black ice, explaining:

The overriding principle behind the many definitions of black ice is that it is either invisible or nearly invisible, transparent, or nearly transparent. Such definition is inherently inconsistent with the open and obvious danger doctrine. Consequently, we decline to extend the doctrine to black ice *without evidence that the black ice in question would have been visible on casual inspection before the fall or without other indicia of a potentially hazardous condition.* [Emphasis added.]

In *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935; 782 NW2d 201 (2010), our Supreme Court relied on *Slaughter*, ruling:

"[B]lack ice" conditions [are rendered] open and obvious when there are "indicia of a potentially hazardous condition," including the "specific weather conditions present at the time of the plaintiff's fall." Here, the slip and fall occurred in winter, with temperatures at all times below freezing, snow present around the defendant's premises, mist and light freezing rain falling earlier in the day, and light snow falling during the period prior to the plaintiff's fall in the evening. These wintry conditions by their nature would have alerted an average user of ordinary intelligence to discover the danger upon casual inspection. Moreover, the alleged condition did not have any special aspect. It was avoidable and not unreasonably dangerous. [Citations omitted.]

Here, plaintiff failed to present a question of fact that the black ice was open and obvious. All of the evidence, including plaintiff's affidavit, supported the trial court's finding that there were indicia of a potentially hazardous condition in the parking lot where plaintiff slipped and fell. *Janson*, 486 Mich at 935. Our review of the record presented leads us to conclude that, with the exception of snowfall at the time of plaintiff's slip and fall, this case has the same indicia of black ice as in *Janson*. Plaintiff slipped and fell in February, in Michigan, and, she was a lifelong resident of Michigan, who would be familiar with ice in the winter. According to a weather report submitted by defendant, on February 15, 2016, the temperature ranged from 17 degrees Fahrenheit to 29 degrees Fahrenheit. Reynolds confirmed that it was "cold" and the temperatures were "below freezing." Plaintiff conceded that the temperatures were below freezing. Plaintiff's meteorological expert stated in his affidavit that the "ice was caused by a period of light freezing drizzle and/or light freezing rain that began between 8:30 A.M. and 10:00 A.M. on the day of this incident, and ended at around 11:00 A.M. No additional precipitation fell after the freezing drizzle/freezing rain ended, and temperatures remained below freezing."

Additionally, defendant's snow removal contractor testified that there was "snow on the ground" on February 15, 2016. Further, the weather records indicated that on February 15, 2016, there was light snow from 12:53 a.m. to 3:04 a.m., and ice fog at 3:04 a.m. There was also light snow from 5:53 a.m. to 7:04 a.m., and ice fog from 8:53 a.m. to 12:53 p.m. There was ice fog at 5:53 p.m. with the incident occurring around 6:30 p.m. Plaintiff even states in her appellate brief that "the weather conditions were ripe for the formation of black ice."

These wintry conditions of below freezing temperatures coupled with ice fog and snow on the ground "by their nature would have alerted an average user of ordinary intelligence to

discover the danger upon casual inspection." *Janson*, 486 Mich 935.  However, plaintiff argues that *Janson* "has been regularly rejected in assessing whether black ice is open and obvious. Case law since the *Jansen* [sic] case has consistently rejected . . . that ice and snow hazards are obvious to all and therefore may not give rise to liability under any circumstances."  Because plaintiff's arguments as to the application of *Janson* are unsupported, we decline plaintiff's invitation to reject application of *Janson* to this matter.

We next address whether there were special aspects to this matter which would require us to reverse the trial court's grant of summary judgment.  As our Supreme Court has stated, "if the condition is open and obvious, a plaintiff who is injured by the condition may avoid summary disposition only if there are special aspects to the condition." *Hoffner v Lanctoe*, 492 Mich 450, 464; 821 NW2d 88 (2012).  Further, "[A] premises possessor is not required to protect an invitee from open and obvious dangers, but, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo*, 464 Mich at 517.  The special aspects of an open and obvious risk that could give rise to liability are: (1) when the danger is effectively unavoidable or (2) when the danger is unreasonably dangerous. *Id*. at 518-519.  Our Supreme Court provided illustrations of hazards that could be considered effectively unavoidable and unreasonably dangerous:

> An illustration of such a situation might involve, for example, a commercial building with only one exit for the general public where the floor is covered with standing water.  While the condition is open and obvious, a customer wishing to exit the store must leave the store through the water.  In other words, the open and obvious condition is effectively unavoidable.  Similarly, an open and obvious condition might be unreasonably dangerous because of special aspects that impose an unreasonably high risk of severe harm.  To use another example, consider an unguarded thirty foot deep pit in the middle of a parking lot. The condition might well be open and obvious, and one would likely be capable of avoiding the danger.  Nevertheless, this situation would present such a substantial risk of death or severe injury to one who fell in the pit that it would be unreasonably dangerous to maintain the condition, at least absent reasonable warnings or other remedial measures being taken. *Lugo*, 464 Mich at 519.

On appeal, defendant argues that the black ice did not involve any special aspects, whereas plaintiff does not argue whether there were special aspects to the black ice.  Our examination of the record leads us to conclude that no question of fact exists regarding whether the black ice had any special aspects rendering it effectively unavoidable or unreasonably dangerous.  As set forth by our Supreme Court, "the standard for 'effective unavoidability' is that a person, for all practical purposes, must be required or compelled to confront a dangerous hazard.  As a parallel conclusion, situations in which a person has a choice whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Hoffner*, 492 Mich at 469.  Here, the black ice was avoidable because plaintiff was not required or compelled to confront the ice as she could have used another entrance to the restaurant.  Plaintiff walked toward the eastern entrance of the restaurant; however, there was also a western entrance.  Plaintiff even agreed that she could use either entrance.  Therefore, plaintiff could have used an alternative route to enter the restaurant.  Next, the black ice was not unreasonably dangerous.  Plaintiff has not

demonstrated that the ice presented a uniquely high likelihood or severity of harm. Black ice is a common condition in Michigan. As such, this case does not rise to the level of the 30 feet deep pit hypothetical given in *Lugo*, 464 Mich at 518. Accordingly, the trial court did not err in granting defendant's motion for summary disposition.[1]

Affirmed. Defendant having prevailed may tax costs. MCR 7.219(A).

/s/ Thomas C. Cameron
/s/ Jane E. Markey
/s/ Stephen L. Borrello

---

[1] Based on our resolution of this issue, we need not address plaintiff's argument regarding whether defendant had notice of the alleged dangerous condition.

-6-