KINSEY v. LAKE ODESSA MACHINE PRODUCTS.

1. PLEADING—MOTION TO DISMISS—WELL-PLEADED FACTS TAKEN AS TRUE.

    All facts well pleaded in a declaration are taken as admitted for the purpose of determining whether an adequate cause of action has been stated when a motion to dismiss for failure to state a cause of action is interposed.

2. HIGHWAYS AND STREETS—DEFECTS—ABUTTING OWNER—COMMON LAW—STATUTES.

    Neither the common law nor a statute impose a duty upon an abutting owner to repair a defect in the public street.

3. SAME—DEFECTS—ABUTTING OWNER—ALTERATION OF HAZARD.

    An abutting property owner who, having no duty to alter a hazardous condition in the public right-of-way, attempts to make an alteration therein, has a duty to see to it that the altered condition does not constitute a new hazard, or one more dangerous than before.

4. SAME—DEFECTS—REPAIRS—ABUTTING OWNER—BREACH OF DUTY—PROXIMATE CAUSE—QUESTION OF FACT.

    It was a question of fact whether efforts of defendant abutting property owner to repair defect in public right-of-way within close proximity of defendant's driveway constituted a breach

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Pleading § 332.
[2] 25 Am Jur, Highways § 364.
[3, 4] 25 Am Jur, Highways § 363.

of duty owed plaintiff in using the public street, and, if so,. whether it was the proximate cause of the injury and damage to plaintiff's semitrailer, hence, motion to dismiss declaration. was improperly granted.

Appeal from Ionia; Davis (Morris K.), J. Submitted April 6, 1962. (Docket No. 37, Calendar No.. 49,492.) Decided December 31, 1962.

Case by Millard A. Kinsey against Lake Odessa Machine Products, a Michigan corporation, for damages to truck caused by makeshift repair of defect in highway. Cause dismissed on motion. Plaintiff appeals. Reversed and remanded for trial.

*O'Connor & Marks* (*Walter M. Marks*, of counsel),. for plaintiff.

*Gemuend & Barnes* (*Harry H. Gemuend*, of counsel), for defendant.

OTIS M. SMITH, J. Plaintiff filed his declaration January 16, 1961, alleging negligence by defendant resulting in damage to plaintiff's vehicle. The left rear dual wheel of plaintiff's semitrailer fell into a hole in the public right-of-way within close proximity of defendant's driveway. The hole was for drainage of surface water. Some months before the accident the metal grating had broken. Defendant had placed a metal drum for a lid over the hole. At the time of the accident January 18, 1960, the drum had become flattened and insecure. Plaintiff alleges that the makeshift lid was covered by a light snowfall which resulted in the defective condition being completely hidden and "dangerous to vehicular traffic entering or leaving the premises of defendant."

Defendant denied the allegations and by way of affirmative defense, alleged contributory negligence on part of the plaintiff. Later, defendant made a motion to dismiss on the pleadings, claiming no legal cause of action was set forth. The circuit judge granted the motion. It is from this order that the appeal is taken. Paragraphs 7 and 9 of the declaration are quoted herewith:

"7. That defendant having undertaken to cover said hole, *and failing to leave it open to view, it then and there became the duty of defendant to maintain it properly with due notice of its unnatural condition* (emphasis supplied) and remove the snow obscuring said lid, but that instead, defendant allowed said lid to be covered by additional snow removed from the rear driveway of the premises of defendant."

"9. That the negligence of defendant, *in addition to that hereinabove alleged* (emphasis supplied), consisted of the following:

"(1) failing to build a curb at the extreme edge of its property where it abutted on said defective condition.

"(2) failing to repair the concrete surrounding the drain, with adequate metal grating sufficient and strong enough to bear the weight of vehicles known by defendant to use said driveway.

"(3) failing to warn plaintiff of the hazardous condition."

The rule needs no support in citations that on a motion to dismiss for failure to state a cause of action, all facts well pleaded in the declaration are taken as admitted for the purpose of determining whether an adequate cause of action has been stated. It should be added that appellee, as well as the trial court, focused chief attention on paragraph 9.

Appellee contends that there is no duty imposed upon an abutting lot owner to repair a defect in the public street; none exists at common law, and that

there is no statute creating such duty. There can be little quarrel with this position. However, the question posed by the declaration, particularly in paragraph 7, is whether or not an owner of property abutting a public right-of-way who attempts to alter or repair a defect on said public property has any duty to the public using the right-of-way. This analysis is confined to the issue framed in the pleadings; it does not include cases where the adjoining owner receives an incidental benefit, nor cases in which the public property is appropriated for use by the adjoining owner.

The rule applicable in this appeal is perhaps best stated in *Snidman* v. *Dorfman*, 7 NJ Super 207 (72 A2d 795). In that case, a woman tripped and fell on a sidewalk when her shoe was caught in a hole or depression. The hole or depression resulted in part, at least, from certain repairs caused to be undertaken by the defendant. The action was dismissed on the ground that defendant had no duty to repair the defective condition. The New Jersey court reversed the lower court and in ordering a trial observed as follows (p 211):

"But where the abutting owner, although not obligated to construct a sidewalk, does so in such style that it is hazardous to pedestrians, it is a public nuisance and the owner is liable. *Braelow* v. *Klein* (E & A 1924), 100 NJL 156 (125 A 103). And the owner, attempting to repair an existing sidewalk, or to correct some defect therein for which he is not responsible, may create a nuisance for which he is responsible. *Istvan* v. *Engelhardt* (S Ct 1943), 131 NJL 9 (34 A2d 242). He is responsible if the facts are such that one may fairly say that the owner was the maker of the condition which was the proximate cause of the accident. But mere failure fully to correct the old condition is not a sufficient basis for liability. The sidewalk, after the attempt to repair,

must be more dangerous than before, or the new hazard must be different from the old, else the defendant is not liable. *Halloway* v. *Goldenberg* (App Div 1949), 4 NJ Super 488 (67 A2d 891)."

We hold that defendant, having no duty to alter a hazardous condition in the public right-of-way, once the attempt was made, had a duty to see to it that the altered condition did not constitute a new hazard, or one more dangerous than before.

It is a question of fact, in this case, therefore, whether the use of the oil drum as alleged, under the conditions prevailing, constituted a breach of duty owed to plaintiff; further, if there were such a breach, whether it was the proximate cause of the injury and damage.

Reversed and remanded for trial. Costs to appellants.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and ADAMS, JJ., concurred.