DEVINE v AL'S LOUNGE, INC

Docket No. 104836. Submitted May 8, 1989, at Detroit. Decided August 17, 1989.

Nicholas R. Devine was injured in a slip and fall accident while walking to Al's Lounge, Inc.'s parking lot located across the street from Al's Lounge. Devine, who had just eaten lunch at Al's Lounge, slipped and fell on an accumulation of ice situated on the apron of the driveway leading from the street into the parking lot. He fell in a forward motion and actually landed on the public sidewalk. Devine filed a personal injury action against Al's Lounge, Inc., and others in Wayne Circuit Court. Al's Lounge, Inc., moved for summary disposition on the ground that the area where plaintiff fell was a public sidewalk and that Al's Lounge, as an abutting landowner, had no liability to plaintiff. The court, William Leo Cahalan, J., agreed and granted summary disposition in favor of Al's Lounge. Plaintiff appealed.

The Court of Appeals *held:*

Defendant owed no duty to plaintiff to maintain the driveway approach free from the natural accumulations of ice and snow. In the absence of any evidence that defendant did some act which increased the risk of hazard to plaintiff, summary disposition in favor of defendant was proper.

Affirmed.

1. NEGLIGENCE — SIDEWALKS — SNOW AND ICE REMOVAL.

Property owners have no duty to maintain public sidewalks abutting their property free from natural accumulations of ice or snow, even where the property owner is a business invitor and the person injured is his invitee.

2. NEGLIGENCE — SIDEWALKS — SNOW AND ICE REMOVAL.

The occupant of a parcel of land may be responsible for the condition of an adjoining parcel to which another has title where he has exercised possession or control over the adjoining

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges § 79.

See the Index to Annotations under Adjoining Landowners and Property; Sidewalks; Snow, Ice, Sleet, or Frost.

parcel; the fact that a parking lot owner plows snow and salts ice on a public sidewalk and driveway apron leading into his parking lot does not establish possession or control over the public sidewalk or apron sufficient to render the owner liable for injuries suffered in a slip and fall accident occurring on the public property.

*Provizer, Lichtenstein, Pearlman & Phillips, P.C.* (by *Stuart M. Feldheim*), for plaintiff.

*Brochert & Ward* (by *Michael J. Brochert* and *David S. Anderson*), for defendant.

Before: CYNAR, P.J., and BRENNAN and MARILYN KELLY, JJ.

PER CURIAM. Plaintiff appeals as of right from the circuit court's order for summary disposition in favor of defendant, Al's Lounge, Inc., under MCR 2.116(C)(10). We affirm.

Plaintiff argues that summary disposition is not proper in this case because defendant owed plaintiff, its business invitee, a duty to provide a safe entrance to and exit from its parking lot. Plaintiff contends that this duty obligates defendant to maintain adjoining public walks and driveway approaches in a reasonably safe condition. We disagree.

The standard of review of orders for summary disposition under MCR 2.116(C)(10) is as follows:

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. *Morganroth v Whitall,* 161 Mich App 785, 788; 411 NW2d 859 (1987). In ruling on this motion, the trial court must consider not only the pleadings, but also depositions, affidavits, admissions, and other documentary evidence. *Id.* The trial court should be liberal in finding a genuine issue of material fact and must give the benefit of any reasonable doubt to the nonmoving party. *Id.* Sum-

mary disposition is appropriate only if the court is satisfied that it is impossible for the nonmoving party's claim to be supported at trial because of a deficiency which cannot be overcome. *Id.* We note that a party opposing a motion brought under subrule 10 may not rest upon the allegations or denials of his pleadings, but must come forward with evidence to establish the existence of a material factual dispute. *Id.* See also MCR 2.116(G)(4). If the nonmoving party fails to establish that a material fact is at issue, the motion is properly granted. *Morganroth, supra,* p 789. [*Grochowalski v Detroit Automobile Inter-Ins Exchange,* 171 Mich App 771, 773-774; 430 NW2d 822 (1988).]

Property owners have no duty to maintain public sidewalks abutting their property free from natural accumulations of ice or snow, even where the property owner is a business invitor and the person injured is his invitee. *Morton v Goldberg,* 166 Mich App 366, 368-369; 420 NW2d 207 (1988), lv den 431 Mich 910 (1988). However, the landowner whose property abuts a public sidewalk may be liable for a slip and fall injury where he or she has either undertaken to remove the ice or snow and has increased the hazard of walking across the sidewalk, *id.* at 369, or has taken steps to alter the sidewalk itself, and thereby caused an unnatural or artificial accumulation of ice or snow on the sidewalk. *Buffa v Dyck,* 137 Mich App 679, 682-683; 358 NW2d 918 (1984).

Although the reported cases deal with the landowner's responsibility regarding ice and snow on adjoining public sidewalks, we believe that the "unnatural accumulation" rule is equally applicable to the facts of this case.

It is undisputed that the accident occurred on public property. There is no evidence that defendant did some act which increased the risk of hazard to plaintiff. Nevertheless, plaintiff argues

that defendant exerted possession of or control over the driveway approach, which obligated defendant to remove the natural accumulation of ice or snow under the rule set forth in *Quinlivan v Great Atlantic & Pacific Tea Co,* 395 Mich 244; 235 NW2d 732 (1975), reh den 395 Mich 923 (1976).

The occupant of a parcel of land may be responsible for the condition of an adjoining parcel to which another has title where he has exercised possession or control over the adjoining parcel. See *Rodriguez v Detroit Sportsmen's Congress,* 159 Mich App 265; 406 NW2d 207 (1987), lv den 428 Mich 905 (1987). Plaintiff contends that possession or control is established by the fact that defendant had undertaken the task of plowing and salting the approach. We disagree.

Defendant merely attempted to provide its patrons with easy access across public property to his parking lot. Defendant's activity evidences no more possession or control than does the conduct of any merchant who shovels or salts an adjoining public sidewalk. In addition, there is no evidence that the municipality loaned or relinquished control over the driveway approach and responsibility for maintaining it to defendant. There is insufficient evidence of possession or control to impose upon defendant a duty to maintain the driveway approach free of the natural accumulation of ice or snow.

In conclusion, we hold that defendant owed no duty to plaintiff to maintain the driveway approach free from the natural accumulations of ice or snow. In the absence of any evidence that defendant did some act which increased the risk of hazard to plaintiff, summary disposition in favor of defendant was proper.

Affirmed.