MORROW v BOLDT

Docket No. 140354. Submitted November 10, 1993, at Detroit. Decided
January 19, 1994, at 9:10 A.M. Leave to appeal sought.

Nancy M. Morrow brought an action in the Wayne Circuit Court
against Carl and Janet Boldt, seeking damages for injuries she
suffered when she stepped on a patch of ice on defendants'
driveway apron and fell as she was helping the defendants'
child board the school bus that she drove. The ice had formed
overnight as the defendants slept. A city ordinance required
that abutting landowners build and maintain sidewalks and
driveway approaches. At the conclusion of proofs, the court,
Charles Kaufman, J., held in abeyance the defendants' motion
for a directed verdict based on a claim that they had no more
than a public duty to maintain the approach and that liability
remained with the city. The jury was instructed concerning the
duty of a landowner to an invitee and that it could consider
violation of the city ordinance as evidence of negligence. The
jury found that the defendants were negligent and that the
plaintiff was fifty percent comparatively negligent. The court
denied the defendants' renewed motion for a directed verdict
and their subsequent motion for a new trial. The defendants
appealed.

The Court of Appeals *held:*

Owners of land abutting a street are presumed to own in fee
the property to the center of the street, subject to the easement
of a public right of way. The ordinances of the city in which the
defendants' property is located indicates that driveway ap-
proaches lie within the city's right of way. It is the duty of the
owner of an easement, rather than the owner of the servient
estate, to maintain the easement in a safe condition so as to
prevent injury to third parties, unless the owner of the servient
estate has exercised a possessory interest that is inconsistent
with the rights of the owner of the easement. Because there
was no evidence that the defendants exercised any possessory
interest with respect to the approach that was inconsistent

REFERENCES
Am Jur 2d, Easements and Licenses §§ 72, 85.
See ALR Index under Easements.

with the city's right of way, liability on the part of the defendants was not established, and the court erred in refusing to grant the defendants' motion for a directed verdict.

Reversed.

1. EASEMENTS — USE OF LAND — RIGHTS OF LANDOWNER.

The owner of land that is subject to an easement may use the land for any purpose that is not inconsistent with the rights of the owner of the easement.

2. EASEMENTS — DUTY TO MAINTAIN — LIABILITY TO THIRD PARTIES.

An owner of an easement, rather than the owner of the servient estate, has the duty to maintain the easement in a safe condition so as to prevent injuries to third parties in the absence of proof that the owner of the servient estate has exercised possession or control of the property subject to the easement in a manner inconsistent with the rights of the owner of the easement.

*Barron, Gudeman & Rosenberg, P.C.* (by *Ronald M. Barron*), for the plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *Joseph K. Bachrach*) (*Gross & Nemeth* by *Mary T. Nemeth*, of Counsel), for the defendants.

Before: BRENNAN, P.J., and REILLY and R. J. DANHOF,* JJ.

PER CURIAM. Defendants appeal as of right a jury judgment in favor of plaintiff after the trial court denied defendants' motion for a directed verdict. Because defendants were entitled to a directed verdict, we reverse.

I

The event giving rise to this case occurred in the City of Wayne. Plaintiff, a school bus driver, was

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

injured when she slipped and fell on defendants' driveway apron while attempting to help defendants' child board the school bus. The cause of her fall was a thin layer of ice that had developed overnight, while defendants slept. It was Mr. Boldt's routine practice to clear the driveway approach of ice and snow along with the driveway.

These facts were set before the jury, along with City of Wayne Ordinances, § 218.05, to whose applicability the parties stipulated, which reads in pertinent part:

SIDEWALK AND DRIVEWAY APPROACH PROCEDURE

(a) Construction. Sidewalks, except crosswalks, and driveway approaches shall be built and maintained by the owners of platted lands within the City in the public streets adjacent to and abutting upon such lots and premises according to plans and specifications approved by the City Engineer.

At the close of trial evidence, defendants moved for a directed verdict on two grounds: that a landowner's duty to an invitee does not extend to open and obvious hazards and that, as a matter of law, a city ordinance cannot create a private cause of action. Concerning the second ground, defendants argued that just as a city ordinance imposing responsibility for the maintenance of public sidewalks upon the adjacent property owner creates only a public duty but does not alleviate the city's liability for those sidewalks, the ordinance in question imposed on defendants no more than a public duty to maintain their driveway approach, with the city retaining liability. The trial court held the motion in abeyance.

Without objection from defendants, the jury was instructed on the duty of a landowner to an invitee and that it could consider violation of the cited

ordinance as evidence of negligence. The jury found defendants negligent and plaintiff fifty percent comparatively negligent.

Defendants renewed their motion for a directed verdict after trial. Citing *Zielinski v Szokola,* 167 Mich App 611; 423 NW2d 289 (1988), which summarizes the "natural accumulation" doctrine, the trial court observed that the extent and breach of a landowner's duty to someone on his property was a factual question for the jury and denied defendants' motion. Defendants' subsequent motion for a new trial pursuant to MCR 2.611(A)(1)(e) was also denied.

On appeal, defendants' sole argument is that they were entitled to a directed verdict because, as a matter of law, they cannot be held liable to any person who slips and falls on natural accumulations of ice on a driveway approach located within the public right of way.

II

A defendant is entitled to a directed verdict where a plaintiff has failed to establish a prima facie case. *Teodorescu v Bushnell, Gage, Reizen & Byington (On Remand),* 201 Mich App 260, 264; 506 NW2d 275 (1993). In reviewing a denial of a motion for a directed verdict, this Court examines the evidence presented up to the time of the motion in a light most favorable to the plaintiff. *Id.*

The natural accumulation doctrine provides that neither a municipality nor a landowner has an obligation to a licensee to remove the natural accumulation of ice or snow from any location, except where the municipality or property owner, by taking affirmative action, has increased the travel hazard to the public. *Zielinski, supra* at 615,

617. The natural accumulation doctrine does not apply to situations involving an invitee injured on private property. A landowner's obligation to an invitee is to take reasonable measures within a reasonable time after the accumulation of snow to diminish the hazard of injury. *Id.* at 618. However, a landowner has no duty even to an invitee to clear natural accumulations of ice or snow from public sidewalks abutting his property. *Weider v Goldsmith,* 353 Mich 339; 91 NW2d 283 (1958); *Morton v Goldberg,* 166 Mich App 366, 368-369; 420 NW2d 207 (1988). A panel of this Court has extended that rule to driveway approaches as well. *Devine v Al's Lounge, Inc,* 181 Mich App 117; 448 NW2d 725 (1989).

During proceedings before the jury, defendants did not dispute ownership of the driveway approach. However, in their motion, defendants pointed to the terms of the ordinance as evidence that the city claimed a right of way in both the sidewalks and the driveway approach upon defendants' property. Plaintiff did not dispute that the approach fell within the city's right of way, but argued that the law precluding a landowner's liability for sidewalks did not apply to driveway approaches, so that the ordinance's similar treatment of sidewalks and driveway approaches is not dispositive. On appeal, plaintiff points out that under MCL 691.1402; MSA 3.996(102), municipalities are liable for the maintenance and repair of public sidewalks, but not for driveway approaches.

Under the principles of premises liability, the right to recover for a condition or defect of land requires that the defendant have legal possession and control of the premises. *Stevens v Drekich,* 178 Mich App 273, 276; 443 NW2d 401 (1989). We must thus determine whether, viewed in the light most favorable to plaintiff, the evidence before the

trial court at the time of defendants' motion was insufficient to establish possession or control.

Owners of land abutting a street are presumed to own the fee to the property all the way to the center of the street, subject to the easement of public way. *Thies v Howland,* 424 Mich 282, 291; 380 NW2d 463 (1985); *Loud v Brooks,* 241 Mich 452, 456; 217 NW 34 (1928).

In its codified ordinances, the City of Wayne defines its "easement of public right of way," § 202.03(29), to explicitly include

> all streets, alleys and sidewalks, including the area reserved therefor where they have not been constructed, as well as all of the land not in private ownership, including lawn extensions lying between front property lines on either side of streets. [§ 1020.01.]

Section 218.05, by delegating responsibility for sidewalks and driveway approaches to adjacent landowners, indicates that the city's right of way includes driveway approaches as well. This evidence, then, established that the city's easement of public way extended to defendants' driveway approach.

A right of way grants the right to unobstructed passage at all times over the grantor's land, along with such rights as are incidental or necessary to the right of passage. *Harvey v Crane,* 85 Mich 316, 322; 48 NW 582 (1891); *Lakeside Associates v Toski Sands,* 131 Mich App 292, 299-300; 346 NW2d 92 (1983). The owner of the fee subject to an easement may rightfully use the land for any purpose not inconsistent with the easement owner's rights. *Harvey, supra* at 323; *Lakeside Associates, supra.* However, it is the owner of an easement, rather than the owner of the servient estate,

who has the duty to maintain the easement in a safe condition so as to prevent injuries to third parties. *Harvey, supra* at 322; *Lakeside Associates, supra; Fry v Kaiser,* 60 Mich App 574, 580; 232 NW2d 673 (1975); see also *Kesslering v Chesapeake & O R Co,* 437 F Supp 267, 269 (ED Mich, 1977).

In *Stevens v Drekich,* which involved an injury allegedly resulting from overgrown foliage on the defendant's front lawn extension, this Court held that the plaintiff's suit was barred because

> whatever residual rights to a public right-of-way are retained by an adjacent landowner, they are not possessory in nature. [178 Mich App 277.]

Similarly, in *Devine v Al's Lounge,* this Court held that the natural accumulation doctrine applied to driveway approaches just as to public sidewalks, because it was undisputed that the driveway approach was located within the city's right of way, and the only evidence of possession or control was that the owner of the business plowed and salted the driveway apron to maintain "easy access across public land to [the] parking lot." 181 Mich App 120. The Court found this insufficient evidence of possession or control to impose a duty on the defendant. *Id.*

In this case, the only demonstrated evidence of defendants' possession or control was that Mr. Boldt routinely cleared the driveway approach along with his driveway. We find the holding of *Devine* to be applicable here, and conclude that because plaintiff's evidence was insufficient to establish premises liability, defendants were entitled to a directed verdict.

Reversed.