# STATE OF MICHIGAN

# COURT OF APPEALS

KIMBERLY MORELLI,

Plaintiff-Appellee,

v

CITY OF MADISON HEIGHTS,

Defendant,

and

DONALD EAST,

Defendant-Appellant

FOR PUBLICATION
June 14, 2016
9:05 a.m.

No. 326621
Oakland Circuit Court
LC No. 2013-134838-NO

Before: JANSEN, P.J., and O'CONNELL and RIORDAN, JJ.

PER CURIAM.

Defendant, Donald East, appeals as on leave granted the trial court's order denying his motion for summary disposition under MCR 2.116(C)(10) on claims by plaintiff, Kimberly Morelli, that she was injured after she stepped into a hole on East's property. The trial court ruled that there was a genuine issue of material fact regarding whether East had possession and control over the area where Morelli was injured. We reverse and remand for entry of summary disposition.

## I. FACTUAL BACKGROUND

Morelli was out for a walk on the evening of August 7, 2012. During her walk, Morelli crossed the street to avoid an obstacle across the sidewalk. As she was attempting to get back up onto the opposite sidewalk in front of East's house, her foot went into a hole on the grassy strip between the road and sidewalk. Morelli fell and suffered injuries.

East testified at his deposition that the City of Madison Heights had removed an ash tree from the berm area at some point in 2006. At that time, the City cut the stump to ground level, but it had decomposed over time and left a hole. East mowed the grass on the berm and around the hole, but he did not attempt to correct the hole.

-1-

Madison Heights maintains a public right-of-way easement over "[t]he entire area owned or dedicated by the city or other governmental agency or entity for public use as a highway, street, alley or other public place." Madison Heights Ordinances, § 23-26 and 23-27. The "berm area" is "that portion of the public right-of-way lying between the sidewalk and the edge of the street excluding driveway aprons." Madison Heights Ordinances, § 23-55.

Madison Heights also prohibits owners or occupants from permitting "any growth of weeds, grass or other vegetation of a greater height than six inches on average" from growing "on such parcel of land or upon any sidewalk abutting the same, or upon that portion of any street . . . adjacent to the same between the property line and the curb or traveled portion of such street . . . ." Madison Heights Ordinances, § 27-17. Madison Heights requires the adjacent property owner to cut down all weeds and grass and prohibits the owner from maintaining hazards that prevent the removal of weeds. Madison Heights Ordinances, § 27-18 and 27-19. However, Madison Heights has delegated to their department of public works "complete charge and control over the planting, cutting, trimming and removal of trees and other growth upon all public highways . . . ." Madison Heights Ordinances, § 27-35.

Morelli filed her complaint against East and the City of Madison Heights in July 2013. East filed for summary disposition in November 2014, asserting that he did not have possession or control over the berm area on which Morelli fell. The trial court determined that a question of fact existed regarding whether East had possession and control over the berm.

## II. STANDARD OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999); *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law."

A party may maintain a negligence action, including a premises liability action, only if the defendant had a duty to conform to a particular standard of conduct. *Riddle v McLouth Steel Prods Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992). Whether a duty exists in a premises liability is a question of law. *Burnett v Bruner*, 247 Mich App 365, 368; 636 NW2d 773 (2001). This Court reviews de novo questions of law. See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 595; 614 NW2d 88 (2000).

## III. ANALYSIS

East contends that the trial court erred when it determined that there was a question of fact regarding whether he owed Morelli a legal duty. We agree because the existence of a duty is generally a question of law and, in this case, East did not legally owe Morelli a duty because he did not have possession and control over the berm.

A plaintiff may only recover from a defendant for injuries from conditions of a land if the defendant had legal possession and control of the premises. *Morrow v Boldt*, 203 Mich App 324, 328; 512 NW2d 83 (1994). "[P]remises liability is conditioned on both possession and control over the land because the person in possession is in a position of control and normally best able

to prevent any harm to others." *Anderson v Wiegand*, 223 Mich App 549, 555; 567 NW2d 452 (1997).

In *Morrow*, this Court considered whether Wayne City ordinances placed a duty on a landowner to safely maintain a driveway approach. *Morrow*, 203 Mich App at 326. The plaintiff slipped and fell on an icy driveway approach while attempting to help the defendant's children onto a school bus. *Id.* The defendant moved for a directed verdict on the issue of duty. *Id.* The defendant argued that even though an ordinance placed a duty to maintain the driveway approach on defendant, he was not liable for injuries because a public right-of-way easement rendered the city liable for injuries. *Id.* The trial court held the issue in abeyance, and the jury ultimately found the defendant negligent. *Id.* at 326-327.

This Court considered whether the defendant was entitled to a directed verdict on the issue of duty as a matter of law because the ice was located within the public right-of-way. *Id.* at 327. We recognized that ordinances provided that the city maintained an easement for driveway approaches and sidewalks but also delegated responsibility to clear snow from driveway approaches to the adjacent landowner. *Id.* at 329. We concluded that the defendant did not have possession or control of the driveway approach. *Id.* at 328-329. We reasoned that the public right-of-way easement placed the duty to safely maintain the easement on the public body:

> The owner of the fee subject to an easement may rightfully use the land for any purpose not inconsistent with the easement owner's rights. However, it is the owner of an easement, rather than the owner of the servient estate, who has the duty to maintain the easement in a safe condition so as to prevent injuries to third parties. [*Id.* at 329-330 (quotation marks and internal citations omitted).]

The adjacent owner's retained residual rights were not possessory in nature and were not sufficient to establish a duty. *Id.* at 330. That the owner routinely maintained the driveway approach did not change the nature of his duty. *Id.*

We find *Morrow* analogous to this case. In this case, an ordinance provides that the berm area in which Morelli fell is part of a public right-of-way. While Madison Heights delegates responsibility to maintain the grass on the berm, Madison Heights retains an easement over the public right-of-way. Accordingly, it was Madison Heights—the owner of the easement—who had the duty to maintain the public right-of-way in a safe condition. As in *Morrow*, that East regularly mowed the grass pursuant to a second ordinance did not render him liable for Morelli's injuries.

We conclude that the trial court erred when it determined that questions of fact existed regarding whether East owed Morelli a duty. The existence of duty is a question of law, and as a matter of law, East did not owe Morelli a duty to fill in the hole in the berm.

In the alternative, Morelli contends that East should be held liable for negligently altering the state of the right-of-way. We disagree.

A defendant has no duty to alter a hazardous condition in a public right-of-way, but once the defendant makes an attempt, the defendant must do so with proper care. *Kinsey v Lake Odessa Machine Prods*, 368 Mich 666, 670; 118 NW2d 950 (1962). "[T]he sidewalk, after the

attempt to repair, must be more dangerous than before, or the new hazard must be different from the old, else the defendant is not liable." *Id.* at 669-670 (quotation marks and citations omitted). In this case, the condition was a hole in the berm. However, East did not attempt to alter the hole, but instead simply let it be. Any mowing he did around the hole did not make the hazard itself different. Accordingly, we reject Morelli's alternative argument.

We reverse and remand for entry of summary disposition in favor of East. We do not retain jurisdiction. As the prevailing party, East may tax costs. MCR 7.219(A).

/s/ Kathleen Jansen
/s/ Peter D. O'Connell
/s/ Michael J. Riordan

-4-