# STATE OF MICHIGAN

# COURT OF APPEALS

---

STEPHANIE SHERMAN, KAYLA ROLLEND,
AMANDA ROLLEND, by Next Friend JACOB
MARCINIAK, and EMILY ROLLEND, by Next
Friend JACOB MARCINIAK,

        Plaintiffs-Appellants,

v

ISRAEL BROS, INC.,

        Defendant-Appellee.

UNPUBLISHED
May 24, 2018

No. 333514
Macomb Circuit Court
LC No. 2015-000040-NO

---

Before: RIORDAN, P.J., and BOONSTRA and GADOLA, JJ.

RIORDAN, J. (*dissenting*)

I respectfully dissent. I would affirm the trial court's granting of summary disposition in favor of defendant pursuant to MCR 2.116(C)(10) (no genuine issue of material fact).

This case arises from a carbon monoxide leak that occurred on August 26, 2013, in a house leased by defendant to plaintiff Stephanie Sherman and her former boyfriend, Lester "Les" Tanner. At the time, she called "Semco Energy" and, according to her, the worker "got out a meter, walked in the side door of the house, came back out and said 'You're not' -- 'It's not gas. There is [a] high concentration of carbon monoxide in this house.' " Sherman further testified that the worker identified the source of the carbon monoxide as "the hot water tank" which was "in very poor condition" and that "the duct work wasn't even together," rather, the duct work "was in pieces on [Sherman's] basement floor." Sherman denied ever seeing the condition of the duct work in the house's basement between September 2009, when she moved into the house with Tanner, and August 26, 2013.

On the flip side, plaintiffs do not assert that defendant had actual knowledge of the defect. Instead, they argue the nature of the defect was such that defendant should be deemed to have had constructive notice of it. I disagree with the majority that this contention holds any water whatsoever and would find that the trial court properly granted defendant's motion for summary disposition.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). "A motion for summary

-1-

disposition under MCR 2.116(C)(10) tests the factual support of the plaintiff's claim and should be granted, as a matter of law, if no genuine issue of any material fact exists to warrant a trial." *Doe v Henry Ford Health Sys*, 308 Mich App 592, 596-597; 865 NW2d 915 (2014), citing *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). "When evaluating a motion for summary disposition under MCR 2.116(C)(10), 'a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion.' " *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 507; 885 NW2d 861 (2016), citing *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). " 'Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law.' " *Innovation*, 499 Mich at 507, citing *Maiden*, 461 Mich at 120.

Generally, a claim of negligence, including a premises liability claim, may be maintained only if a defendant had a legal duty to adhere "to a particular standard of conduct in order to protect others against unreasonable risks of harm." *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992). "It is well settled in Michigan that a premises owner must maintain his or her property in a reasonably safe condition and has a duty to exercise due care to protect invitees from conditions that might result in injury." *Id*. at 90-91, citing *Beals v Walker*, 416 Mich 469, 480; 331 NW2d 700 (1982), and *Torma v Montgomery Ward & Co*, 336 Mich 468, 474; 58 NW2d 149 (1953).

"A premises owner breaches its duty of care when it 'knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect.' " *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016), quoting *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). In *Lowrey*, the Michigan Supreme Court reiterated that a premises owner is liable due to constructive notice when an unsafe condition " 'is of such a character or has existed a sufficient length of time that he should have knowledge of it.' " *Lowrey*, 500 Mich at 10, quoting *Carpenter v Herpolsheimer's Co*, 278 Mich 697, 698; 271 NW 575 (1937). "Constructive notice may arise not only from the passage of time itself, but also from the type of condition involved, or from a combination of the two elements." *Banks v Exxon Mobil Corp*, 477 Mich 983, 983-984; 725 NW2d 455 (2007), citing *Kroll v Katz*, 374 Mich 364, 372; 132 NW2d 27 (1965).[1] A plaintiff may demonstrate the existence of constructive notice by providing evidence relating to when the dangerous condition arose, or evidence relating to how a hazardous condition was "of such a character that the defendant should have had notice of it." *Lowrey*, 500 Mich at 12, citing *Goldsmith v Cody*, 351 Mich 380, 389; 88 NW2d 268 (1958).

---

[1] An order of the Michigan Supreme Court is binding precedent on this Court if "it constitutes a final disposition of an application and contains a concise statement of the applicable facts and reasons for the decision." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 369; 817 NW2d 504 (2012), citing *People v Crall*, 444 Mich 463, 464 n 8; 510 NW2d 182 (1993), and *Dykes v William Beaumont Hosp*, 246 Mich App 471, 483; 633 NW2d 440 (2001).

However, premises liability " 'is conditioned upon the presence of both possession and control over the land because the person in possession is in a position of control and normally best able to prevent any harm to others.' " *Morelli v Madison Hts*, 315 Mich App 699, 702-703; 890 NW2d 878 (2016), quoting *Anderson v Wiegand*, 223 Mich App 549, 555; 567 NW2d 452 (1997). "A tenant has exclusive legal possession and control of the premises against the owner for the term of his leasehold . . . ." *Ann Arbor Tenants Union v Ann Arbor YMCA*, 229 Mich App 431, 443; 581 NW2d 794 (1998) (citations omitted).

In support of their contention regarding defendant's constructive notice, plaintiffs primarily rely upon photographs taken of the water tank following the August 26, 2013 incident. However, the photographs they rely upon only show that the water tank appeared soiled after the incident at issue and that pieces of the water tank were broken off and on the floor. Those photographs provide no evidence regarding the water tank's operational condition or its appearance prior to August 26, the duration of that condition, or show a causal connection between the photographed condition of the water tank and the carbon monoxide leak. See *Lowrey*, 500 Mich at 12.

Plaintiffs also rely on the affidavit of James Partridge, their expert witness. Taking Partridge's affidavit and the photographs in the light most favorable to plaintiffs, see *Innovation Ventures*, 499 Mich at 507, citing *Maiden*, 461 Mich at 120, plaintiffs provide evidence only that the water tank's vent connector was corroded, and that such corrosion does not occur suddenly. However, plaintiffs do not present any evidence that the actual danger—the risk of increased carbon monoxide levels caused by incomplete combustion which itself was caused by flue gases escaping through holes in the vent connector caused by corrosion—was of such a character or existed for such a duration that defendant should be deemed to have had constructive notice of it. They merely speculate that defendant should have had notice despite the fact that plaintiffs had occupied the home for approximately four years before the 2013 incident.

Plaintiff Sherman and her former boyfriend Tanner moved into the house in September 2009, and resided in it under a "holdover" lease at the time of the incident in 2013. For the first year of the lease, Sherman and Tanner indisputably were responsible for repairs to the premises under the lease agreement. Defendant had no responsibility for repairs. However, during that time, and subsequent to it, they offer no evidence there ever was any issue with the water tank. While Sherman offers deposition testimony that she periodically entered the basement where the water tank was located, she never observed corrosion on the water tank or on the ductwork. Nor, during this time period, did plaintiffs request that defendant inspect or repair the water tank, its ductwork, or monitor the carbon monoxide levels in the house. Sherman further testified that she had installed a carbon monoxide detector in January 2010, but had discarded it in "early 2012" after it became damaged. Most relevant to the issue at hand, she did not testify that the monitor ever registered dangerous levels of carbon monoxide during its operation. In fact, Sherman testified, that "[i]t never crossed [her] mind" that there was excess carbon monoxide in the house until August 26, 2013, the day of the incident at issue, when she first experienced feeling that she was "on fire," sweating, and had other symptoms. While Partridge opined that plaintiffs "were exposed to significant levels of [carbon monoxide] for years prior to August 26, 2013," he

presented his opinion without any factual support and is in contradiction of plaintiff Sherman's deposition testimony.[2]

Regardless, summary disposition also was properly granted because defendant did not have possession or control of the house at the time of the incident. Plaintiffs did. They moved into the house in September 2009, in October 2009 Sherman signed a lease with defendant for an initial term of one year, and plaintiffs did not move out of the house until February 2015. Thus, defendant had neither possession nor control of the house at the time of the incident. As premises liability is conditioned on both possession and control over the land, plaintiffs' claim of premises liability fails entirely. See *Morelli*, 315 Mich App at 702-703.

Thus, viewed in the light most favorable to plaintiffs, the evidence shows the water tank was visibly corroded after the carbon monoxide leak occurred on August 26. However, the length of time it had been corroded cannot be determined with any reliable level of certainty. Plaintiffs offer nothing relating to the determination of a relevant time period of when the water heater's condition deteriorated even though Sherman lived in the home, she periodically entered the room in which the water heater was located, she employed the technology of a carbon monoxide detector, and she had responsibility for the water heater's maintenance for a period of time pursuant to the original lease she had with the defendant. Despite all of this, she did not notice any defect with the water heater nor does she, nor any of the plaintiffs, offer any factual support for their contention that the defect existed "for years" such that defendant should have had constructive notice of it.

Based on the evidence they proffer and viewing it in a light most favorable to them, plaintiffs fail to meet their burden of showing that a genuine issue of material fact existed concerning defendant's constructive notice of the carbon monoxide leak based on either the nature of the defect or the length of time it had existed. Therefore, the trial court properly

---

[2] There is no dispute that after the initial one-year term of the lease elapsed, plaintiffs became "month to month" holdover tenants. Defendant argues that Sherman and Tanner remained solely responsible for repairs to the house even after they became holdover tenants. I disagree, as did the trial court and as does the majority. Although the parties may have believed that Sherman and Tanner continued to bear the sole duty to keep the premises in good repair, MCL 554.139(2) permits modification of a landlord's common-law duty to keep the premises in reasonable repair only if a lease has a *current* term of at least one year. When plaintiffs became holdover tenants with recurring one-month lease terms, the provision of the lease making plaintiffs solely responsible for repairs to the premises became ineffective. This fact does not impact my analysis that plaintiffs fail to present evidence of defendant's constructive notice of a carbon monoxide leak.

granted summary disposition in favor of defendant on plaintiffs' premises liability claim. MCR 2.116(C)(10).[3]

     I would affirm the trial court's order granting summary disposition in favor of defendant.


/s/ Michael J. Riordan

---

[3] As the majority correctly points out, because the starting point for analyzing both plaintiffs' claim for premises liability and its claim for a violation of MCL 554.139 is notice to the defendant, *Kroll*, 374 Mich at 373, *Evans v Van Kleek,* 110 Mich App 798, 803; 314 NW2d 486 (1981), and because the analysis under either legal theory is the same, there is no need to separately discuss plaintiffs' claims under the two legal theories. We also need not reach the issue of whether the hazard was open and obvious since that issue was not decided below. See *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001).