*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROSALIE ROCKOV,

        Plaintiff-Appellant,

v

LILLEY POINTE CONDOMINIUM
ASSOCIATION, MAJESTIC CONDOMINIUM
MANAGEMENT, LLC, and TAMMY MARIE
THOMSON,

        Defendants-Appellees.

UNPUBLISHED
June 25, 2020

No. 343967
Wayne Circuit Court
LC No. 17-004606-NO

Before: MURRAY, C.J., and JANSEN and MARKEY, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting defendants' motion for summary disposition in this premises liability action. We affirm in part and reverse and remand in part for the trial court to address plaintiff's statutory arguments.

Plaintiff rented a condominium unit in the Lilley Pointe Condominium complex (the complex). She was friends with Patsy and Steven Chambers, who also rented a condominium unit in the complex. The owner of the Chambers' unit was defendant Tammy Marie Thomson. Defendant Lilley Pointe Condominium Association operated the complex, and defendant Majestic Condominium Management, LLC, managed the complex. On November 28, 2016, Patsy Chambers called plaintiff from work and asked plaintiff to go to the Chambers' condominium and ring the doorbell in order to wake up her husband, Steven. Plaintiff, who was 77 years old at the time, agreed and headed over to the unit. In the front of the Chambers' condominium was a small elevated "porch" area that required one to take one step up to access the porch in the process of going to the unit's front door. Plaintiff successfully lifted her left foot onto the porch but then tripped on the porch as she was bringing her right foot up to the landing. In her deposition, plaintiff testified that she tripped on the step because it was higher than she expected. But she also testified that she had previously been to the Chambers' condominium unit and noticed that the step "seemed higher than others that were around there." At another point in the deposition, plaintiff testified that she "kn[e]w it was higher." Plaintiff suffered a right femur fracture from her trip and fall.

Plaintiff filed a two-count complaint against the three defendants, alleging negligence and gross negligence. Plaintiff claimed that she "tripped on a step that was later determined to be over ten (10) inches in height." Plaintiff also alleged, in part, that defendants failed "[t]o comply with MCL 554.139 and other statutory duties." Defendants moved jointly for summary disposition under MCR 2.116(C)(8) and (10). Defendants argued that plaintiff could not establish the essential elements of a premises liability claim. Defendants asserted that plaintiff had not shown the existence of an unreasonably dangerous condition. Defendants further maintained that plaintiff was fully aware that the porch step was unusually high; therefore, defendants had no duty to warn her of, or protect her from, the danger. And, according to defendants, even if the porch step were deemed unreasonably dangerous, the hazard was open and obvious. Additionally, defendants argued that defendant Thomson, the owner of the Chambers' condominium, was entitled to summary disposition because she did not have possession or control of the porch. Next, defendants contended that any claim that the step violated the Michigan Construction Code (MCC) was irrelevant in determining the existence of a duty. Defendants also maintained that MCL 554.139 imposes a duty on lessors and licensors of residential premises and that the statute did not apply to plaintiff "because none of the defendants was leasing or licensing the premises to her." Finally, defendants asserted that plaintiff failed to plead any facts or present any evidence supporting the claim of gross negligence.

Plaintiff filed a response to defendants' motion for summary disposition. Plaintiff first argued that the "assertion of the open and obvious doctrine is ineffective to escape the complex's statutory duty under MCL 554.139." Plaintiff contended that "whether the step is considered part of a common area or premises that must be kept fit for intended use, or whether it is solely part of a premises that must be kept in reasonable repair and in compliance with local and state safety laws and regulations, the condition of the step violated the statute." Plaintiff next maintained that a condominium project must comply with local law, ordinances, and regulations, MCL 559.241(1), that the height of the porch step exceeded the 8¼-inch maximum height specified in the MCC, and that the MCC had been adopted by the city of Canton, which is where the complex is located. Relying on the Housing Law of Michigan, MCL 125.401 *et seq*., plaintiff additionally argued that because of the MCC violation, the Chambers' condominium unit constituted a dangerous building under MCL 125.539, and keeping a dangerous building is unlawful pursuant to MCL 125.538. Finally, plaintiff claimed that MCL 125.536(1) conferred a private cause of action for a violation of the Housing Law of Michigan. Plaintiff did not argue that the porch step was not open and obvious, did not assert that she had not been aware of the hazard, did not contend that the step was effectively unavoidable, and did not posit that the step presented an unreasonably high risk of severe harm. Plaintiff's entire position was that the open and obvious danger doctrine was inapplicable in light of defendants' statutory duties.

In a reply brief, defendants first argued that plaintiff had effectively conceded that defendants were entitled to summary disposition on the alleged tort claims. Defendants next reiterated that MCL 554.139 did not apply because it solely pertained to lessors and licensors. Defendants also maintained that plaintiff cited no authority for the proposition that the Housing Law of Michigan applies to a condominium complex. Additionally, defendants contended that even if it did, MCL 125.536 only concerns portions of a "dwelling," and the Chambers' porch was not within any portion of the dwelling. Finally, defendants reasserted that plaintiff's arguments regarding the requirements of the MCC were irrelevant in determining the existence of a duty.

At the hearing on the motion for summary disposition, the parties focused their arguments on the alleged statutory obligations. Despite the oral arguments and briefing centered on MCL 554.139, MCL 559.241, the Housing Law of Michigan, and the MCC, the entirety of the trial court's ruling was as follows:

> Okay, the Plaintiff fell at 3:30 p.m., it was daylight out, so I think under Lugo v Ameritech this would be considered an open and obvious situation, so the Court will grant Defendant's motion.

An order granting defendants' motion for summary disposition was entered, indicating that it was granted for the reasons stated on the record.

Plaintiff moved for reconsideration, arguing that the court failed to reach the foundational questions regarding whether the statutes and the MCC precluded application of the open and obvious danger doctrine. Without any elaboration or findings, the trial court entered a form order denying the motion for reconsideration. Plaintiff appeals by right.

On appeal, plaintiff first argues in cursory fashion that the open and obvious danger doctrine is only available as a defense to premises possessors and that none of the defendants qualified because they did not have control over or possess the premises. Plaintiff next contends that the open and obvious danger doctrine did not apply because a statutory duty existed under the Condominium Act, MCL 559.101 *et seq*., and specifically MCL 559.241, which provides that "[a] condominium project shall comply with applicable local law, ordinances, and regulations." Plaintiff maintains that the porch step violated MCL 559.241 by exceeding the maximum height allowed by the MCC and that the MCC had been adopted by Canton. Additionally, plaintiff argues that "special aspects" existed removing the case from the open and obvious danger doctrine because the porch step was effectively unavoidable.

Plaintiff's arguments that none of defendants possessed the premises and that the porch-step hazard was effectively unavoidable were not presented to the trial court. In *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008), our Supreme Court spoke to the matter of issue preservation in civil cases, observing:

> Michigan generally follows the "raise or waive" rule of appellate review. Under our jurisprudence, a litigant must preserve an issue for appellate review by raising it in the trial court. Although this Court has inherent power to review an issue not raised in the trial court to prevent a miscarriage of justice, generally a failure to timely raise an issue waives review of that issue on appeal.

> The principal rationale for the rule is based in the nature of the adversarial process and judicial efficiency. By limiting appellate review to those issues raised and argued in the trial court, and holding all other issues waived, appellate courts require litigants to raise and frame their arguments at a time when their opponents may respond to them factually. This practice also avoids the untenable result of permitting an unsuccessful litigant to prevail by avoiding its tactical decisions that proved unsuccessful. Generally, a party may not remain silent in the trial court, only to prevail on an issue that was not called to the trial court's attention. Trial courts

are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute. [Quotation marks and citations omitted.]

Accordingly, the two unpreserved arguments were waived.

Moreover, the porch step was not effectively unavoidable because plaintiff was not forced or compelled to encounter the step. An exception to the duty owed for open and obvious dangers arises when special aspects of a condition make even an open and obvious risk unreasonable. *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). And special aspects exist when an open and obvious hazard is effectively unavoidable. *Id*. at 463. "An 'effectively unavoidable' hazard must truly be, for all practical purposes, one that a person is required to confront under the circumstances." *Id.* at 472. The person "must be required or compelled to confront [the] dangerous hazard." *Id.* at 469; see also *Wilson v BRK, Inc*, 328 Mich App 505, 515; 938 NW2d 761 (2019) ("[W]e conclude that the entranceway step was avoidable because plaintiff was not compelled to patronize the bar and confront the step."). Here, the porch step could have been avoided had plaintiff simply declined to go to the Chambers' condominium.

With respect to plaintiff's argument that the open and obvious danger doctrine did not apply because none of defendants possessed or controlled the premises, we must find that the argument is inadequately briefed and, along with being waived, is thus abandoned. *Henry Ford Health Sys v Everest Nat'l Ins Co*, 326 Mich App 398, 406; 927 NW2d 717 (2018) ("we consider this argument abandoned because a party cannot simply announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position") (quotation marks omitted). We also note that the argument would tend to undermine any claim of *premises liability*. See *Morelli v City of Madison Hts*, 315 Mich App 699, 702-703; 890 NW2d 878 (2016) ("A plaintiff may only recover from a defendant for injuries caused by conditions of the land if the defendant had legal possession and control of the premises . . . because the person in possession is in a position of control and normally best able to prevent any harm to others.").

Finally, on the issue of whether a statutory duty obviated the application of the open and obvious danger doctrine, we conclude that the proper approach is to remand this case to the trial court for the court to address the issue *as it should have done in the first instance*. We direct the trial court, either from the bench or in a written opinion, to substantively address, analyze, and resolve the issue. The trial court is to take into consideration this Court's recent opinion in *Wilson*, 328 Mich App 505,[1] along with any relevant statutory or caselaw authorities. The court shall allow the parties to submit supplemental briefs.

---

[1] In *Wilson*, 328 Mich App at 317-321, this Court stated and ruled as follows:

> "The open and obvious danger doctrine cannot be used to avoid a specific statutory duty." *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710,

We affirm with respect to summary dismissal of plaintiff's common-law premises liability claim, but we reverse and remand for further proceedings consistent with this opinion in regard to plaintiff's claim of liability predicated on violation of statutory duties. We do not retain jurisdiction. We decline to award taxable costs under MCR 7.219.

/s/ Christopher M. Murray
/s/ Kathleen Jansen
/s/ Jane E. Markey

---

720-721; 737 NW2d 179 (2007); see also *Woodbury v Bruckner*, 467 Mich 922 (2002) (remanding the case because the open and obvious danger doctrine could not be employed to avoid the application of a duty established by statute), and *Jones v Enertel, Inc*, 467 Mich 266, 270; 650 NW2d 334 (2002) (rejecting argument that the open and obvious danger doctrine could be employed to avoid its statutory duty to maintain sidewalks in reasonable repair). To the extent that the trial court was of the view that the statutory-duty exception to the open and obvious danger doctrine is only implicated in regard to a lessor's statutory obligations under MCL 554.139, we conclude that the court was mistaken. It is true that a lessor or landlord cannot rely on the open and obvious danger doctrine if a duty was violated under MCL 554.139. See *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425 n 2; 751 NW2d 8 (2008) ("[A] defendant cannot use the 'open and obvious' danger doctrine to avoid liability when the defendant has a statutory duty to maintain the premises in accordance with MCL 554.139(1)(a) or (b)."). There is no indication in the caselaw, however, that the statutory-duty exception to the open and obvious danger doctrine is limited to duties created under MCL 554.139. Indeed, as noted earlier, the statutory-duty exception was recognized in *Jones*, 467 Mich at 270, in relation to a governmental agency's duty to maintain sidewalks in reasonable repair.

* * *

[T]he instant case entails statutory requirements to provide accessible, barrier-free entranceways to facilities open to the public. These requirements are plainly and directly intended to benefit and protect physically limited persons such as plaintiff. A barrier-free design that eliminates hindrances that deter physically limited persons from having access and free mobility to buildings is generally required under MCL 125.1352(1) and MCL 125.1351(b). Accordingly, the trial court erred by determining that the open and obvious danger doctrine applied to plaintiff's allegations that defendants' entranceway step violated a statutory duty owed to persons with physical limitations.

-5-