*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JANE PETERSON,

    Plaintiff-Appellant,

v

FENTON OAKS, LLC,

    Defendant-Appellee.

UNPUBLISHED
January 15, 2026
2:39 PM

No. 373094
Genesee Circuit Court
LC No. 23-118385-NI

Before: SWARTZLE, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

Plaintiff sued to recover for injuries after she slipped and fell on an icy sidewalk while she took her dog on an early-morning walk along the outer boundaries of defendant's mobile home community. The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(10), finding that plaintiff fell on a public sidewalk and so the government had the primary legal obligation to maintain the sidewalk. We affirm the trial court's grant of summary disposition.

## I. BACKGROUND

Plaintiff was walking her dog around 5:00 a.m. on a February morning when she slipped and fell on an icy sidewalk near the mobile home community where she lived. She testified that did not notice ice on the sidewalk until after she slipped, and did not know how big the ice patch was, where it came from, or how long it was present. She sued defendant, the owner of the mobile home community, for injuries to her hand and wrist, asserting both statutory and common law premises-liability claims.

Both the owner-operator and the community manager of defendant's property testified that employees would use equipment to plow the snow and "salt the roads and common area, which is the office and mailbox." As for sidewalks, employees would "[o]ccasionally" plow as a "common courtesy to the residents," as well provide some salt.

During her deposition, plaintiff testified about the location of the fall and marked on a map the location of where she believed she fell. Based on this information and a property survey, a surveyor testified in an affidavit that plaintiff's fall occurred in an area subject to a governmental

-1-

right-of-way easement. Also during her deposition, plaintiff testified that a photo she included in her initial disclosures depicted "approximately" where she fell and that her husband shot the picture in the afternoon of the day after she fell (i.e., more than 24 hours after the fall).

Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that it did not have a duty to maintain the sidewalk where plaintiff fell because plaintiff failed to demonstrate defendant possessed or controlled the sidewalk to establish duty. Plaintiff argued that she had presented sufficient evidence in the form of photographs and deposition testimony from defendant's employees to create a question of fact as to whether defendant controlled the area. The trial court ultimately granted defendant's motion for summary disposition, finding that it was the easement holder, not defendant, who had a duty to maintain the sidewalk where plaintiff fell. Plaintiff now appeals.

II. ANALYSIS

A. DUTY UNDER PREMISES-LIABILITY

Plaintiff claims on appeal that the trial court erred in granting summary disposition, arguing that there was a genuine issue of material fact regarding defendant's duty to plaintiff. The Court reviews de novo the trial court's decision on a motion for summary disposition and the trial court's interpretation of common-law doctrines. *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 109; 1 NW3d 44 (2023). A motion for summary disposition under MCR 2.116(C)(10) should be granted if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999) If "reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party," then a genuine issue of material fact exists. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

To establish a premises-liability claim, plaintiff must prove the following four elements: (1) defendant owed plaintiff a duty, (2) defendant breached that duty, and (3) that breach caused (4) damages. *Gabrielson v Woods Condo Ass'n, Inc*, 349 Mich App 478, 496; ___ NW3d ___ (2024). The first element, existence of a duty, is a "threshold question of law" that the trial court decides before a case reaches a jury. *Kandil-Elsayed*, 512 Mich at 133. If the trial court determines that defendant did not owe a duty to plaintiff, then the case should be dismissed. *Id*. On appeal, the parties only dispute the first element of duty.

The trial court correctly determined that there was no genuine issue of material fact on whether defendant exercised possession and control over the sidewalk at issue. "A plaintiff may only recover from a defendant for injuries caused by conditions of the land if the defendant had legal possession and control of the premises." *Morelli v Madison Heights*, 315 Mich App 699, 702; 890 NW2d 878 (2016). If land is subjected to an easement, then it is "the owner of an easement, rather than the owner of the servient estate, who has the duty to maintain the easement in a safe condition so as to prevent injuries to third parties." *Morrow v Boldt*, 203 Mich App 324, 329-330; 512 NW2d 83 (1994). Further, if the land is not only subjected to an easement but a government easement, then "whatever residual rights to a public right-of-way are retained by an

adjacent landowner, they are not possessory in nature." *Stevens v Drekich*, 178 Mich App 273, 277; 443 NW2d 401 (1989).

Defendant provided evidence that plaintiff fell in an area subject to a government easement, and plaintiff did not offer evidence to dispute this. As the owner of the easement, the government had "the duty to maintain the easement in a safe condition so as to prevent injuries to third parties." *Morrow*, 203 Mich App at 329-330. As for plaintiff's argument relating to notice, because defendant did not owe plaintiff a common law duty to maintain the sidewalk, whether defendant noticed the issue is irrelevant. Therefore, even viewing this evidence in the light most favorable to plaintiff, the trial court properly determined that there was no genuine issue of material fact regarding possession and control when plaintiff fell in an area subjected to a government easement.

Further, the trial court properly determined that plaintiff failed to establish a genuine issue of material fact as to whether defendant voluntarily increased the dangerous conditions on the sidewalk where defendant fell. Defendant had no duty to alter a hazardous condition in a public right-of-way, but if defendant voluntarily decides to perform repairs on a public sidewalk, it can be liable for injuries if the repairs created new hazards or made the original hazard more dangerous. *Morelli*, 315 Mich App at 704; *Haaksma v Grand Rapids*, 247 Mich App 44, 57; 634 NW2d 390 (2001); *Devine v Al's Lounge, Inc*, 181 Mich App 117, 119; 448 NW2d 725 (1989). Although deposition testimony suggested that defendant occasionally maintained the sidewalks, plaintiff failed to present evidence that defendant shoveled or salted the sidewalk before plaintiff slipped on that particular day. A photo more than 24 hours after the fall is too speculative and does not show who cleared the sidewalk and when and where they cleared it.

To defeat summary disposition, plaintiff needed to present evidence that defendant's conduct increased the risk on that particular day; the mere possibility based on defendant's occasional conduct in the past was not alone enough. See *McMaster v DTE Energy Co,* 509 Mich 423, 445; 984 NW2d 91 (2022). Thus, plaintiff failed to introduce sufficient evidence to create an issue of fact as to whether defendant created or worsened the sidewalk conditions.

## B. STATUTORY DUTIES UNDER MCL 554.139

Plaintiff next argues on appeal that summary disposition was in error because defendant had a statutory duty under MCL 554.139(1)(a) to keep the sidewalk in reasonable repair, regardless of the government easement. MCL 554.139(1)(a) provides that the lessor of residential premises covenants in every lease that the "premises and all common areas are fit for the use intended by the parties." Common areas are "those areas of the property over which the lessor retains control that are shared by two or more, or all, of the tenants." *Allison* 481 Mich at 427. Under MCL 554.139(1)(a), a lessor's duty to maintain common areas arises "from the control the lessor retains over them." *Id.*

Plaintiff did not provide sufficient evidence to support her claim that she fell in a common area. The owner and operator of defendant's property testified that the only common areas were the office and the mailboxes. To prove that defendant controlled the area to an extent that made it a common area, plaintiff only introduced the deposition testimony that defendant's employees had occasionally removed snow and ice from the sidewalk as a courtesy. Even assuming defendant "routinely" or "regularly" maintained the area, that alone is not enough to establish the possession

or control sufficient for a common area. See *Morrow*, 203 Mich App at 327, 330; see also *Morelli*, 315 Mich App at 881. Therefore, the trial court properly determined that the sidewalk was not a common area, that defendant did not have a duty under MCL 554.139 to maintain the sidewalk, and that summary disposition was appropriate.

## III. CONCLUSION

Based on the evidence presented, the trial court did not err in granting defendant's motion for summary disposition. Plaintiff did not show that defendant owed her a duty under common law, statute, or voluntarily assuming maintenance of the sidewalk.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace